# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Raytheon Company | ) ASBCA No. 58212 |
| | ) |
| Under Contract No. F08635-03-C-0002 | ) |

APPEARANCES FOR THE APPELLANT:  Karen L. Manos, Esq.
                  John W.F. Chesley, Esq.
                  Sarah B. Gleich, Esq.
                   Gibson, Dunn & Crutcher LLP
                   Washington, DC

APPEARANCES FOR THE GOVERNMENT:  E. Michael Chiaparas, Esq.
                   DCMA Chief Trial Attorney
                  Stephen R. Dooley, Esq.
                  Alexander M. Healy, Esq.
                   Trial Attorneys
                   Defense Contract Management Agency
                   Boston, MA

## OPINION BY ADMINISTRATIVE JUDGE DICKINSON
## ON APPELLANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
## AND THE
## GOVERNMENT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

At issue in this appeal is the allowability of certain airfare expenses incurred by appellant Raytheon Company (Raytheon) in 2005. Raytheon asks us to find that it is entitled to partial summary judgment on four issues related to the government's determination that certain 2005 airfare expenses incurred by Raytheon are unallowable. The government has cross-moved for partial summary judgment with respect to one issue, opposes summary judgment on two issues and does not oppose summary judgment on the fourth issue. The four issues have been fully briefed by the parties and oral argument on the parties' cross-motions on the first issue has been heard.

Incorporated in Raytheon's Motion for Partial Summary Judgment, was a Statement of Undisputed Material Facts. With its opposition and cross-motion for partial summary judgment, the government submitted a Statement of Further Undisputed Material Facts and a Statement of Genuine Issues of Material Fact in which the government responded to each fact asserted by Raytheon and either

agreed the fact was undisputed or asserted that it was disputed, followed by citations to the record on the motions in support of its assertions. As the government statement of facts contains both Raytheon's statements of fact and the government's responses, we cite to the parties' statements of facts in the government's submission for ease of reference as UF (undisputed fact) or DF (disputed fact). Citations to the parties' arguments are to their respective motions and later filings on the motions.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTIONS

1. In 1985 Congress expressed the procurement policy that certain enumerated costs incurred in performance of defense contracts are not allowable, specifically and pertinent to the matters now at issue:

> Costs for travel by commercial aircraft which exceed
> the amount of the standard commercial fare.

10 U.S.C. § 2324(e)(1)(J). Congress did not define the phrase "standard commercial fare." Congress further required that the procurement policy be implemented by allowability provisions in the Federal Acquisition Regulation (FAR). 10 U.S.C. § 2324(f).

2. FAR 31.205-46, Travel Costs, contains the allowability provisions for travel costs and FAR 31.205-46(b), in particular, provides:

> Airfare costs in excess of the lowest customary
> standard, coach, or equivalent airfare offered during
> normal business hours are unallowable except when
> such accommodations require circuitous routing, require
> travel during unreasonable hours, excessively prolong
> travel, result in increased cost that would offset
> transportation savings, are not reasonably adequate for
> the physical or medical needs of the traveler, or are not
> reasonably available to meet mission requirements.
> However, in order for airfare costs in excess of the
> above standard airfare to be allowable, the applicable
> condition(s) set forth above must be documented and
> justified.

From 1986 to 2010, the FAR provision addressing the allowability of airfare costs did not define the phrase "lowest customary standard, coach, or equivalent airfare." Effective 11 January 2010, FAR 31.205-46(b) was amended by replacing "lowest customary standard, coach, or equivalent airfare offered" with "lowest priced airfare

2

available to the contractor"; the balance of FAR 31.205-46(b) remained unchanged. (UF ¶¶ 24, 88)

3. Contract No. F08635-03-C-0002, awarded to Raytheon on 21 May 2003 (R4, tab 3), is identified as a representative contract containing FAR 52.216-7, ALLOWABLE COST AND PAYMENT (DEC 2002) (R4, tabs 3, 8), which incorporates by reference the allowability provisions of FAR Part 31.2 in effect on the date of the contract.

4. The Defense Contract Audit Agency (DCAA) issued an audit report addressing several topics including Raytheon's incurred airfare costs for 2005 on 24 August 2009 (UF ¶¶ 91, 95, 102; DF ¶ 98 (the fact of the audit report is undisputed)). DCAA recommended to DCMA that certain of Raytheon's airfare costs be determined to be unallowable.

5. Almost three years later, on 25 May 2012, DCMA corporate administrative contracting officer Dowd issued a contracting officer's final decision in which the government asserted a claim against Raytheon for unallowable airfare incurred in 2005, plus associated penalties and interest (R4, tab 8). After quoting the pertinent portion of FAR 31.205-46(b) (SOF ¶ 2), the contracting officer divided the costs determined to be unallowable into four categories. The first two categories, which are the subject of the present motions, were:

> In the first category, based upon the review of the selected sample items, it was found that Raytheon did not always use the negotiated corporate discounts with airlines. There were a number of flights on which the traveler was on coach and that fare was incurred and charged by Raytheon, instead of the negotiated discounted airfare amount. When there was a discount airfare available and not used for those flights, the difference between the discount fare and coach fare is unallowable under FAR 31.205-46(b), 31.201-5 and 31.201-2(d). The difference between the discount and coach fares is also unallowable under FAR 31.201-3, Determining Reasonableness. Fares charged in excess of those available to Raytheon through its negotiated corporate discounts are unreasonable. They exceed that which would be incurred by a prudent person in the conduct of competitive business.

> In the second category, based upon the review of the selected sample items, Raytheon did not remove as

3

unallowable additional amounts when premium airfares, for first class or business class seats, were not justified by the FAR travel cost principle. For the airfare costs which did not meet the requirements of the cost principle cited above, the unallowable cost is the difference between the premium airfare incurred and the standard coach fare based upon FAR 31.205-46(b). Raytheon incurred and included in its claimed costs airfare in excess of standard coach costs without meeting the requirements of the exception in FAR 31.205-46(b). Since the exception in FAR 31.205-46(b) is not applicable, the claimed costs are unallowable.

(R4, tab 8 at 2)

6. Raytheon timely appealed the contracting officer's final decision by letter dated 6 July 2012 (R4, tab 11).

## DECISION

In its motion for partial summary judgment, Raytheon asks us to find that it is entitled to judgment in its favor as a matter of law on the following four issues:

1. The publicly available coach fare is the appropriate baseline for calculating unallowable airfare costs under the pre-2010 version of FAR 31.205-46;

2. There is no evidence that Raytheon failed to apply all applicable airfare discounts to which it was entitled;

3. DCMA improperly relied upon a misstatement of Raytheon policy in disallowing airfare costs that complied with FAR 31.205-46; and

4. Raytheon's airfare costs for commercial business are allocable to the Department of Defense contracts included in the allocation base disclosed and consistently applied in accordance with Raytheon's CAS Disclosure Statements.

(App. mot. at 1, 81)

4

A. <u>Issue 1</u>

Issue 1 of Raytheon's motion for partial summary judgment states an issue of contract interpretation. The government has submitted a cross-motion for summary judgment on this issue. Both parties seek interpretation of the same phrase in FAR 31.205-46(b): "lowest customary standard, coach, or equivalent airfare offered" (SOF ¶ 2). Raytheon argues that the drafters of the phrase intended it to mean the coach fare available to the general public and the government argues that the drafters intended the same phrase to mean the discounted coach fares negotiated by each individual contractor (Raytheon, in this particular case). Both parties assert that there are no facts in dispute with respect to Issue 1 and each party argues that its interpretation of the language at issue is the only reasonable interpretation, that there is therefore no ambiguity and that it is entitled to summary judgment on this particular issue. Both parties have included numerous citations to conflicting extrinsic evidence in support of their opposing interpretations of FAR 31.205-46(b). (App. mot. at 62-75; gov't mot. at 8-9, 11-47; DF ¶¶ 31-48, 77, 79-82, 84-85, 89, 104-06; app. reply/opp'n at 1-27; gov't reply at 1-30)

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987). A material fact is one that may affect the outcome of the decision. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the burden of establishing the absence of any genuine issue of material fact and all significant doubt over factual issues must be resolved in favor of the party opposing the summary judgment. *Mingus Constructors*, 812 F.2d at 1390-91.

On an issue of contract interpretation, summary judgment may only be granted where there is no ambiguity in the contract terms at issue which would require our reliance upon extrinsic evidence to resolve the matter. An ambiguity exists where there are two or more reasonable interpretations of the contract language at issue. *Classic Site Solutions, Inc.*, ASBCA Nos. 58376, 58573, 14-1 BCA ¶ 35,647 at 174,551; *Teg-Paradigm Environmental, Inc. v. United States*, 465 F.3d 1329, 1338 (Fed. Cir. 2006). "The question of interpretation of language and conduct—the question of what is the meaning that should be given by a court to the words of a contract, is a question of fact, not a question of law." *Beta Systems, Inc. v. United States*, 838 F.2d 1179, 1183 (Fed. Cir. 1988) (quoting 3 ARTHUR LINTON CORBIN, CORBIN ON CONTRACTS § 554 at 219 (1960)); 11 RICHARD A. LORD, WILLISTON ON CONTRACTS § 30:7 (4th ed. 2012) ("When a written contract is ambiguous, its meaning is a question of fact.").

In order to determine whether the language at issue is ambiguous, i.e. capable of two or more reasonable interpretations, we must determine the

reasonableness of each party's interpretation of that language. It is well established that a determination of reasonableness presents a question of fact. *BAE Systems San Francisco Ship Repair*, ASBCA No. 58809, 14-1 BCA ¶ 35,642 at 174,534; *Scott Timber Co. v. United States*, 333 F.3d 1358, 1369 (Fed. Cir. 2003); *General Dynamics Corp. v. United States*, 410 F.2d 404, 409 (Ct. Cl. 1969). As we are presented with a question of fact as to the reasonableness of each party's interpretation, there can be no determination on a motion for partial summary judgment of ambiguity and no determination as to whether extrinsic evidence may be examined in resolving the meaning of the disputed language of FAR 31.205-46(b).

Raytheon also argues that the government's interpretation asserted in the final decision, and in its cross-motion now before us, is different from its contemporaneous interpretation in 2005 when the airfare costs at issue were incurred (app. mot. at 62-67). The government argues that its interpretation of FAR 31.205-46(b) has never changed (gov't mot. at 34-41; DF ¶¶ 131-32). We have declined to grant summary judgment where the contract provisions at issue are "subject to allegedly conflicting contemporaneous interpretations by a party." *Skanska US Building, Inc.*, ASBCA No. 56339, 10-1 BCA ¶ 34,392 at 169,833.

For the foregoing reasons, both Raytheon's motion and the government's cross-motion for partial summary judgment as to Issue 1 are denied.

B. Issues 2 and 3

The government initially states in its opposition that it does not oppose Raytheon's motion with regard to one aspect of Issue 2 but in a footnote on the same page states that it opposes certain other aspects of Issue 2 and the government has provided evidence of facts in dispute that Raytheon availed itself of all appropriate discounts (gov't mot. at 9; DF ¶¶ 12-15, 19-21, 23, 26-28; gov't reply at 32 n.22). We find there are material facts in dispute for Issue 2.

In Issue 3, Raytheon requests partial summary judgment on the issue of DCMA's alleged improper reliance on a misstatement of Raytheon's travel policy (app. mot. at 77-79; app. reply/opp'n at 27-28). The government opposes Raytheon's motion (gov't mot. at 9; gov't reply at 30-32). The fact of DCMA's reliance, improper or not, is in dispute, as are other facts necessary to a determination of whether Raytheon's costs incurred for certain "multi-leg" flights were unallowable (DF ¶¶ 96-98, 118-22).

Issues 2-3 are, therefore, inappropriate for summary judgment and appellant's motion as to those issues is denied.

C. Issue 4

The government does not oppose Raytheon's motion for summary judgment with respect to Issue 4 (gov't mot. at 1, 8-9). We need not address it further and grant summary judgment to appellant on Issue 4.

## CONCLUSION

We have carefully considered the various additional arguments of both parties not formally addressed above and find them unpersuasive or inapplicable to the matters before us in the present motion. We deny Raytheon's motion for partial summary judgment as to Issues 1-3 and grant the motion as to Issue 4. We deny the government's cross-motion for partial summary judgment as to Issue 1.

Dated: 27 May 2015


DIANA S. DICKINSON
Administrative Judge
Armed Services Board
of Contract Appeals

I concur


MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur


RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

7

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58212, Appeal of Raytheon Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
